IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS REZA GIVEHCHI, et al.,

        Plaintiffs,

v.                                                              Case No. 24-2343-JWB

MARCO RUBIO, in his official capacity as
UNITED STATES SECRETARY OF STATE, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to dismiss. (Doc. 15.) Plaintiffs failed to file a response and the time for doing so has now passed. The motion is GRANTED for the reasons stated herein.

**I.**     **Facts and Procedural History**

The facts set forth herein are taken from the complaint. Plaintiffs Nicholas Reza Givehchi ("Nicholas"), Erfan Givehchi ("Erfan"), and Meredith Welch Taylor ("Taylor") filed suit against 24 Defendants all of whom are United States government officials.[1] Plaintiffs are United States citizens. Nicholas filed a Form I-130, Petition for Alien Relative, with the United States Citizenship and Immigration Services ("USCIS") on June 6, 2020 for his father, Hassan Givehchi ("Hassan"), a citizen of Iran. On July 20, 2021, USCIS approved the application and Hassan then applied for a visa with the State Department. (Doc. 1 at 8.) Hassan was interviewed at the United States Embassy in Abu Dhabi, United Arab Emirates on August 28, 2023. At the end of the

---

[1] Since the filing of this suit, the administration has changed. All officials have been sued in their official capacities and neither party has notified the court as to whether all or some of these 24 officials have been replaced. Marco Rubio is now the Secretary of State and the court has changed the title in the caption to reflect the current Secretary of State.

interview, the consular officer issued a denial of the visa application under Section 221(g) of the Immigration and Naturalization Act ("INA") and informed him that the application would undergo additional administrative processing. He was also told to submit form DS-5535, a copy of his Iranian passport, and an updated translated copy of his birth certificate. (Doc. 1 at 8.) Hassan provided those documents the next day. Hassan's application, however, remains in administrative processing. Plaintiffs filed this suit alleging that Defendants have failed to perform ministerial duties as to Hassan's visa application and that they have unreasonably delayed action to review the visa application which violated their rights to be reunited with their father. (*Id.*)[2] Plaintiffs seek an order directing defendants to "cease visa refusal and adjudicate Hassan's administrative processing." (*Id.* at 10.)

Plaintiffs' claims are brought under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, and the Mandamus Act, 8 U.S.C. § 1361. Defendants move to dismiss on the basis that Plaintiffs lack standing to bring suit against 23 of the 24 Defendants. They also assert that Plaintiffs have failed to state a claim. Plaintiffs failed to respond.

## II.   Standard

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of

---

[2] According to Defendants, Taylor is Hassan's future daughter in law. (Doc. 15 at 4.)

2

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Given Plaintiffs' pro se status, the court construes their pleadings liberally, but it cannot act as their advocate or construct arguments on their behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

### III. Analysis

#### A. Standing

The court has a duty to determine whether a party has standing if the court believes that there is a standing issue or if standing is raised by the parties. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). Defendants assert that Plaintiffs do not have standing to bring claims against 23 of the 24 named Defendants on the basis that these Defendants did not cause the injury or that they do not have authority to issue a visa. Constitutional standing requires (i) that the plaintiff suffer an "injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders*

*of Wildlife*, 504 U.S. 555, 560–561 (1992)).  It is well-established that a plaintiff must demonstrate standing for each claim.  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

    Defendants assert that Plaintiffs do not have standing to assert claims against Defendants 5–24[3] because there are no facts showing that these officials played a role or will play a role in adjudicating Hassan's visa application.  Therefore, there is no injury traceable to these Defendants.

    As set forth in Defendants' brief, the provisions of the INA discuss the issuance of visas.  *See* 8 U.S.C. §§ 1201(a)(1), 1202(a), (b); 22 C.F.R. §§ 40.1(l)(2), 42.61, 42.62.  When an individual is outside of the United States, a consular officer determines whether an individual is ineligible to receive a visa under the law.  "The State Department alone is responsible for approving applications for interviews, which are then conducted by the U.S. embassy …. [T]he consular officer—and not anyone from DHS—[renders] a decision on [the] visa application." *Fareed v. United States Dep't of Homeland Sec.*, No. 23-2006-DDC-BGS, 2023 WL 8599336, at *5–6 (D. Kan. Dec. 12, 2023) (quoting *Whitlock v. U.S. Dep't of Homeland Sec.*, No. 21-CV-807, 2022 WL 424983, at *3 (D.D.C. Feb. 11, 2022) (citations omitted)).  Plaintiffs have failed to respond to Defendants' authority and position regarding officials who are not consular officers or officials of the State Department.  Further, Plaintiffs' allegations fail to specifically identify how these Defendants have taken action to harm them or how their injury could be redressed by a favorable decision on their claim against these Defendants.  Therefore, Plaintiffs have failed to show that they have standing to bring suit against Defendants 5–24 who are not consular officers or State Department officials.

    State Department Defendants, which include the Secretary of State, the Deputy Secretary of State, and the Assistant Secretary of State for Diplomatic Security, also move for dismissal on

---

[3] Defendants are identified by number in Plaintiffs' complaint.  (Doc. 1 at 3.)

the basis of a lack of standing. These Defendants assert that only the consular officer can render a decision on the visa application, and therefore, they lack authority to supervise the visa adjudication. They point to 8 U.S.C. § 1104, which states that the "Secretary of State shall be charged with the administration and the enforcement of the provisions of this chapter and all other immigration and nationality laws relating to [] the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas . . .*" Based on this language, it is clear that the Secretary of State does not have authority to grant or refuse a visa. *See Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 98 (D.D.C. 2024). What is unclear, however, is whether the Secretary could direct the consular official to make a determination on the visa application. Defendants also do not point to language in the statute or regulation as to whether the other two State Department officials could be considered consular officers. *See* 22 C.F.R. § 40.1 ("Consular officer, as defined in INA 101(a)(9) includes commissioned consular officers and the Deputy Assistant Secretary for Visa Services, and such other officers as the Deputy Assistant Secretary may designate for the purpose of issuing nonimmigrant and immigrant visas, but does not include a consular agent, an attaché or an assistant attaché.") Plaintiffs, however, have the burden to establish standing. Plaintiffs do not set forth facts that allege that these officials are consular officers or that they have the authority to issue the visa or make a determination regarding the visa application. Therefore, because Plaintiffs have not met their burden here, the court finds that they lack standing against these officials.[4]

    B. **Claim against the Consular Defendant**

---

[4] Even if the court determined that Plaintiffs had standing with respect to the State Department officials or officials from other agencies, Plaintiffs' claim would be dismissed for the reasons set forth herein.

The remaining Defendant is Rena Bitter, in her official capacity as Assistant Secretary to Bureau of Consular Affairs. Plaintiffs bring an unreasonable delay claim under the APA and the Mandamus Act for Bitter's failure to make a final decision on Hassan's visa application in administrative processing. Although Plaintiffs have only cited to the definition section of the APA in their complaint, section 706 of the APA provides that "the reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). These claims are characterized as failure-to-act claims. To proceed on such a claim, a plaintiff must identify a "failure to take an agency action" that is "(1) discrete and (2) legally required." *Audubon of Kan., Inc. v. United States Dep't of the Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). While Plaintiffs allege that Defendants have unlawfully withheld and delayed review of the visa application, Plaintiffs' complaint fails to identify a discrete and legally required action that the agency failed to take. According to Plaintiffs' complaint, the consular officer refused the visa application in accordance with the INA. Plaintiffs contend that the consular officer also placed the application into administrative processing and sought further information. Plaintiffs, however, have failed to identify a law that requires the consular officer to re-process that visa application once it has been refused. *See Nikpanah v. United States Dep't of State*, No. 2:24-CV-00404-NAD, 2025 WL 374931, at *10 (N.D. Ala. Feb. 3, 2025) (finding that the Department of State had already fulfilled its only clear duty by refusing the visa).

Although not cited by Plaintiffs, § 555(b) of the APA provides that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." In *Karimova v. Abate*, the D.C. Circuit held that this provision does not place a clear, non-discretionary duty on the consular officer to re-adjudicate an already refused application. No. 23-5178, 2024 WL 3517852, at *3–5 (D.C.

6

Cir. July 24, 2024); *see also Ramizi v. Blinken*, ---F. Supp. 3d---, 2024 WL 3875041, at *10 (E.D.N.C. Aug. 14, 2024) (citing cases). Because Plaintiffs did not identify a non-discretionary duty to act on an already refused visa application, Plaintiffs' APA claim must fail.[5] Plaintiffs' claim under the Mandamus Act is also subject to dismissal because Plaintiffs cannot turn to mandamus relief as an alternative to review under the APA. *See Audubon of Kan.*, 67 F.4th at 1111, n. 10.

## IV.   Conclusion

Defendants' motion to dismiss (Doc. 15) is granted. This action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Dated this 19th day of March, 2025.

s/ John W. Broomes  
JOHN W. BROOMES  
UNITED STATES DISTRICT JUDGE

---

[5] Even if Defendant had a duty to readjudicate the visa application, the court would dismiss Plaintiffs' complaint for failure to state a claim as the delay is not unreasonable under the APA for the reasons set forth in the government's motion to dismiss.